AVELINO RODRÍGUEZ FERNÁNDEZ, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Respondent and Appellee.

No. 12517. Decided October 6, 1961.

620

*Rodríguez Ema* and *Rodríguez Ramón* for appellant. *Francisco Espinosa, Acting Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *Cándido Ceballos, Assistant Attorney General,* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, and Mr. Justice Hernández Matos and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The G. & R. Manufacturing Corporation, an industry exempt since October 1, 1948, by virtue of the grant of tax exemption No. 56 authorized by the Governor of Puerto Rico in accordance with the provisions of Act No. 184 of May 13, 1948, leased from plaintiff-appellant, in this case Avelino Rodríguez Fernández, a lot and building located in Santurce of the Municipality of San Juan, Puerto Rico for a period of time between November 23, 1948 and December 15, 1955. Said lease having expired, the Bonnie Mills, Inc., another industry exempt since March 28, 1955 by virtue of

the grant of tax exemption No. N-112 authorized by the Governor of Puerto Rico in accordance with the provisions of Act No. 6 of December 15, 1953, leased the same lot and building from said plaintiff-appellant from December 15, 1955 to the present.

The Secretary of the Treasury agreed to exempt plaintiff-appellant from the payment of property and income tax, since the lot and building in question was occupied by an exempt industry, until fiscal year 1955–56, but he denied exemption beginning with fiscal year 1956–57, because since the property leased had been constructed prior to February 14, 1949, the exemption would prevail, provided the first lessee industry which occupied it on or before March 15, 1951, continued to occupy it for the rest of the exemption term pursuant to paragraph 3 of Act No. 203 of May 3, 1951. The trial court agreed with the contention of the Secretary of the Treasury and rendered judgment in his favor because it believed that the corresponding Act had been correctly applied.

On appeal, plaintiff-appellant assigns as sole error of law, that committed by the trial court "in dismissing the amended complaint and in deciding that plaintiff has a right to tax exemption only until June 30, 1956 and not, as plaintiff maintains, total exemption until the fiscal year 1958–59 and partial from 1959 until 1962 inclusive".

The law applicable to the case are paragraphs 2 and 3 of § 12 of Act No. 184 of May 13, 1948 as amended by Act No. 203 of May 3, 1951, which provide:

"The exemptions provided for under this Act shall be extended...

(2) to the real property which has been constructed or installed *on and after February 14, 1949,* or which is hereafter constructed or installed by any other person, to be leased to, or otherwise placed at the disposal of, a hotel or

industry exempt from taxes under the provisions of this Act, and the said real property shall be exempt from the payment of property taxes while the same is used for the development, organization, construction, establishment, or operation of a hotel or industry exempt from payment of taxes under the provisions hereof.   There shall likewise be exempt from income taxes the compensation received by such person for the lease, use or usufruct of the property so used or owned by a hotel or industry exempt from taxes under the provisions of this Act.   The exemptions from property taxes and income taxes provided by this Act shall be in force only during the effectiveness of the tax exemption granted under the provisions of this Act to the said hotel or industry, and in the same proportion as is established in Section 5 hereof. . .

"(3) Notwithstanding the foregoing provisions, the exemptions provided by this section shall be extensive to real property and the land on which same was situated, constructed, or installed *before February 14, 1949*, if and when such real property has, prior to March 15, 1951, been leased to, or otherwise placed at the disposal of, a hotel or industrial enterprise exempt from taxes under the provisions of this Act; *Provided*, that the said tax exemption of such real property shall be effective only: (*a*) during the effectiveness of the tax exemption of the said hotel or industrial enterprise, and (*b*) while the said real property remains leased to, or otherwise at the disposal of, the said enterprise."   (Italics ours.)

As is known, originally, the tax exemptions on industrial buildings and the land on which said buildings were constructed were limited to the buildings and lots constructed by the Puerto Rico Industrial Development Company (Act No. 184 of May 13, 1948).   The extension of said tax exemptions to private persons was granted by Act No. 352 of May 14, 1949, more or less conceived on the same terms as the provision copied above, although without referring to

the buildings of private persons constructed "on and after February 14, 1949," and without the limitation that the buildings of private persons constructed before February 14, 1949, but leased prior to March 15, 1951, shall enjoy the exemption during the effectiveness of the tax exemption granted to the hotel or industrial enterprise and while they remain leased to the said enterprise, contained in paragraph 3 of Act No. 203 of May 3, 1951.

As a matter of law what plaintiff-appellant alleges is that his building having been constructed before February 14, 1949, and leased to the G. & R. Manufacturing Corporation from November 23, 1948 until December 15, 1955 and to the Bonnie Mills, Inc. from December 15, 1955 until the present time, the tax exemptions granted to his building did not terminate with the lease to the G. & R. Manufacturing on December 15, 1955 but were extended by virtue of the second lease to the Bonnie Mills, Inc., because they were two exempt industries of the same profitable category.

■ A careful study of the Act applicable to this case, leads us to the conclusion that tax exemptions granted to industrial buildings of private persons are not so granted with a view to the building itself but with a view to the occupation of the same by industries which are exempt pursuant to the laws prevailing at the time of the occupation.

■ As to industrial buildings of private persons constructed before February 14, 1949 but leased prior to March 15, 1951—as is the case of plaintiff-appellant—there is no doubt that paragraph 3 of Act No. 203 of May 3, 1951 limits tax exemptions in favor of the building to the period of effectiveness of the tax exemption of said hotel or industrial enterprise while it remains leased by said enterprise. In two cases, therefore, the tax exemptions of the industrial buildings of private persons end: (1) when the exemption period of the industry occupying it ends or (2) when the lease of the industry occupying it expires. This being so,

upon the expiration of the lease of G. & R. Manufacturing Corporation on December 15, 1955, the tax exemptions of the industrial building of the plaintiff-appellant constructed before February 14, 1949 and leased prior to March 15, 1951 also terminated.

Nevertheless, when the second lease is made to the Bonnie Mills, Inc. on December 15, 1955, plaintiff-appellant does not qualify as a person who had constructed "on and after February 14, 1949" as established by paragraph 2 of Act No. 203 of May 3, 1951 nor as a person who had leased, prior to March 15, 1951 also established by the same paragraph. The facts accepted in this case do not make it possible for us to determine whether it is a case of a "previously exempted business" according to § 7 of Act No. 6 of December 15, 1953, which would be the law applicable to the second lease.

We can not agree with plaintiff-appellant's attorney that the classification of the exempt premises on a certain date, in a case such as this, is unreasonable or confiscatory or that it is contrary to the principle of uniform laws or impairs the value of the contracts.

The Legislative Assembly of Puerto Rico has full discretion to establish a great variety of classifications within its power of taxation: *Miranda* v. *Sec. of the Treasury*, 77 P.R.R. 159, 165 (Pérez Pimentel, 1954) and cases cited therein; *Madden* v. *Kentucky*, 309 U.S. 83, 87–88, 84 L. Ed. 590, 593 (Reed, 1940) ; *New York Rapid Transit Corporation* v. *New York*, 303 U.S. 573, 578, 82 L. Ed. 1024, 1029, 1030 (Reed, 1938). Where a possible public interest can be conceived the classification of a statute shall prevail: *Bowles* v. *American Brewery*, 146 F.2d 842, 847 (Parker, 1945).

Assuming, without deciding, that the constitutional principle of uniformity is applicable to tax exemptions, considering these as legislative "graces", it is unquestionable that the law under our consideration in this case treats in an identical way all private owners of industrial buildings

comprised within Puerto Rico's classification. Nor are we convinced by the alleged contract between the People of Puerto Rico and plaintiff-appellant because according to the Statement of Motives of Act No. 184 of May 13, 1948, the statement that it will be considered that a contract exists between the People of Puerto Rico and the industry receiving the benefit of the exemption refers exclusively to said industry. Tax exemptions being true derogations of the sovereign authority, should not be extended beyond the express and exact requirements of the statute granting them: *Cía. Ferroviaria* v. *Sec. of the Treasury*, 80 P.R.R. 507, 516 (Belaval, 1958).

The judgment dismissing the amended complaint will be affirmed.